IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WELLS FARGO BANK, NATIONAL ASSOCIATION, solely in its capacity as trustee for the benefit of the certificate holders of Morgan Stanley Capital I Trust 2018-BOP, Commercial Mortgage Pass-through Certificates, Series 2018-BOP,<br><br>    Plaintiff,<br><br>v.<br><br>BSREP II MD OFFICE WAYNE LLC, BSREP II MD OFFICE EXECUTIVE BLVD. LLC, BSREP II MD OFFICE JEFFERSON LLC, BSREP II MD OFFICE 20W GUDE LLC, BSREP II MD OFFICE 30W GUDE LLC, BSREP II MD OFFICE 50W GUDE LLC, BSREP II MD OFFICE MONROE LLC, BSREP II MD ONE OFFICE CENTRAL LLC, BSREP II UCC I LLC, BSREP II UCC III LLC, BSREP II 1355 WINDWARD LLC, BSREP II MONTROSE METRO LLC, BSREP II ARLINGTON SQUARE LLC, AND BSREP II PRINCE STREET LLC,<br><br>    Defendants. | CIVIL ACTION FILE<br><br>NO. 1:23-CV-4275-MHC |

# **ORDER**

This case comes before the Court on Plaintiff Wells Fargo Bank, National Association ("Wells Fargo")'s *Ex Parte* Motion to Appoint Receiver ("*Ex Parte* Motion") [Doc. 2].

## I. RELEVANT BACKGROUND

Wells Fargo has filed a complaint alleging that Defendants are the Borrowers on a commercial loan in the amount of $223,400.00 secured by various properties, which loan agreement and security interest has been assigned to Wells Fargo. Compl. for Appointment of Receiver ("Compl.") [Doc. 1] ¶¶ 12-20. Wells Fargo alleges that the loan matured on August 9, 2023, without being paid in full and that Defendants are now in default. Id. ¶¶ 21-25. Under the terms of the mortgages of each of the properties, Defendants agreed that the mortgagor can "apply for the appointment of a receiver . . . of the Property, without notice and without regard for the adequacy of the security for the Debt and without regard to the solvency of Mortgagor . . . .". Id. ¶¶ 27-29. Wells Fargo alleges generally that it has a vested interest in the protection of the properties following the default; specifically, to ensure that the properties are maintained and repaired, that insurance is maintained on the properties, that rents are collected, and that the

properties are operated without interruption. Id. ¶¶ 31-33. Wells Fargo also alleges that the appointment of a receiver will be beneficial to all parties in order to protect and manage the properties pending foreclosure. Id. ¶ 34.

## II.  LEGAL STANDARD

In a diversity action, federal law governs the appointment of a receiver. Nat'l P'ship Inv. Corp. v. Nat'l Hous. Dev. Corp., 153 F.3d 1289, 1291 (11th Cir. 1998). Rule 66 of the Federal Rules of Civil Procedure provides that "[t]hese rules govern an action in which the appointment of a receiver is sought" and "the practice in administering an estate by a receiver or a similar court-appointed officer must accord with the historical practice in federal courts or with a local rule." A district court's appointment of a receiver is "an extraordinary equitable remedy" which should be undertaken only "when there is no remedy at law or the remedy is inadequate." United States v. Bradley, 644 F.3d 1213, 1310 (11th Cir. 2011) (citing 13 Moore's Federal Practice, § 66.04[2][a] (3d ed. 2010)).

The appointment of a receiver "is not a remedy to be granted lightly, based on speculation or surmise. It is not a remedy to be granted as a matter of contractual right, but is instead committed to the trial court's discretion based on all relevant equitable factors." PNC Bank, N.A. v. Presbyterian Ret. Corp., Inc., No. 14-0461-WS-C, 2014 WL 6065778, at *9 (S.D. Ala. Nov. 13, 2014). Factors

to be considered include the "presence of a contractual receivership provision," the existence of "fraudulent conduct on the part of the defendant," the prospect of "imminent danger that property will be lost or squandered," the "inadequacy of available legal remedies," the "probability that harm to the plaintiff by denial of the appointment would be greater than the injury to the parties opposing appointment," and the "plaintiff's likelihood of success on the merits." Regions Bank v. Legal Outsource PA, No. 2:14-cv-476-FtM-29DNF, 2014 WL 7014559, at *5, (M.D. Fla. Dec. 11, 2014). "[C]ontractual consent to the appointment of a receiver is not dispositive of the issue, but serves only as a non-dispositive factor—albeit one to be given substantial weight—in the equitable analysis." Bank of Hope v. Dayk Enters., Inc., No. 2:20-CV-155-MHT-SRW, 2020 WL 8254488, at *3 (M.D. Ala. Dec. 4, 2020), R&R adopted, 2021 WL 218730 (Jan. 21, 2021).

### III. DISCUSSION

Wells Fargo seeks the appointment of a receivership without affording notice to Defendants.

> As a general proposition, *ex parte* emergency motions are disfavored in federal court. See generally Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drivers Local No. 70 of Alameda Cnty., 415 U.S. 423, 438-39 (1974) ("our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute"). More specifically, it is black-letter law that, in the receivership context, notice must ordinarily be given before appointment is made. See, e.g.,

Arkansas Louisiana Gas Co. v. Kroeger, 303 F.2d 129, 132 (5th Cir.1962) ("[A]s a general rule a receiver should not be appointed without notice to the parties to be affected by the receivership."); Solis v. Matheson, 563 F.3d 425, 438 (9th Cir. 2009) ("In general, a receiver should not be appointed without notice being given."). Thus, the extraordinary nature of the receivership remedy is magnified and compounded when the movant seeks appointment of a receiver without notice to the property owner. See, e.g., Maxwell v. Enterprise Wall Paper Mfg. Co., 131 F.2d 400, 403 (3rd Cir. 1942) ("The caution which should surround the appointment of a receiver is heightened when such appointment is sought peremptorily in a proceeding in which the opposition has neither notice nor opportunity to be heard."). As one court has observed, "[t]he appointment of a receiver, ex parte, and without notice, to take over one's property is one of the most drastic actions known to the law or equity." In re Stanley Station Associates, L.P., 139 B.R. 990, 1004 (Bankr. D. Kan. 1992) (citation omitted).

Fidelity Bank v. Key Hotels of Brewton, LLC, No. CIV.A. 15-0031-WS-M, 2015 WL 435035, at *2 (S.D. Ala. Feb. 2, 2015).

Wells Fargo, acting *ex parte*, argues that it is entitled to the appointment of a receiver because it has a first priority lien on and security interest in the various properties and, without such an appointment on an *ex parte* basis, there is the potential that the rents and income from the properties could be diminished, transferred, or concealed. See Mem. in Supp. of Pl.'s *Ex Parte* Mot. for Appointment of Receiver [Doc. 2-1] ¶¶ 24-28. Aside from the inability of Wells Fargo to control the properties, there is no indication in the Complaint that Defendants currently are engaged in fraudulent conduct, that there is an imminent

5

danger of the property's value being diminished or squandered, or that legal remedies are inadequate to deal with the default so as to require the *ex parte* appointment of a receiver. Although applying for the appointment of a receiver without notice is a contractual right in this case, the Court has not been presented with any additional justification to demand that such an appointment be accomplished on an *ex parte* basis.

### III. CONCLUSION

It is hereby **ORDERED** that Plaintiff Wells Fargo Bank, National Association's *Ex Parte* Motion for Appointment of Receiver [Doc. 2] is **DENIED WITHOUT PREJUDICE**. Wells Fargo Bank, National Association may file a renewed motion for appointment of a receiver upon proper notice to Defendants or a proper showing of the exigent circumstances that would justify an *ex parte* appointment of a receiver.

**IT IS SO ORDERED** this 23rd day of October, 2023.

_____
MARK H. COHEN
United States District Judge